Ruffin, Chief Justice.
 

 There is but one point in the case proper for the consideration of this court. That is on the motion of Gatling to dismiss the appeal, because no appeal lies in such a case. On that question, our opinion differs from that of the Judge of the Superior Court, and is, that the appeal ought to have been dismissed.
 

 Before the act of 1813, (1 Rev. Stat. ch. 104, sec.
 
 2 &,
 
 3,) there was no appeal from an order of the County Court, refusing or ordering the laying out a public road.
 
 Hawkins
 
 v. Randolph, 1 Murph. Rep. 118. That act prescribes the
 
 *64
 
 method in future, for opening, turning or discontinuing a load, and enacts, that it shall be only on petition in writing; and from the decision thereon, gives an appeal to any person ¿[issaExsfied therewith. To the end that the citizens generally may have an opportunity of opposing the prayer of the petition before the court, and of appealing, notice of the proceeding is to be given in a particular manner. Afterwards, came the act of 1834, ch. 22, (1 Rev. Stat. ch. 104, sec. 7,) to provide for the special case of an application by one to turn or alter a road altogether on his own land. It is unnecessary to enumerate all its provisions, since it is only material at present to observe that it is plain it was intended to dispense with the written petition, and with notice of the application to court, or other notice to any person, except only to the overseer, as to the time and place of the meeting of the justice of the peace and freeholders; and to observe fur-, ther, that there is no provision in the act for an appeal. The fair construction of this statute, from the nature of the subject, and from the silence of the law upon the point, is, that it was not intended to allow an appeal. As the power of the Court, under the act, is limited to a case in which the road is wholly on the land of the person who applies respecting it, the Legislature takes the case entirely out of the operation of the act of 1813; and therefore, as we suppose, did not give an appeal. It would seem'that no other individual was considered as having a private interest in the question; and that the County Court was regarded as possessing competent knowledge of the localities, and as affording a sufficient and safe protection to the interests of the public. This construction is further confirmed to our minds by the manner in which the enactments stand in the Revised Statute, ch. 104. By the sections 2 & 3, the act of 1813, with its provision for an appeal, is re-enacted. In section 7, the act of 1834 is incorporated; having no provision for an appeal. Then in sections 33, 36 and 38, we have the enactments respecting cart and wagon ways, and respecting the erection of gates across a public road; and in each of those cases an appeal is expressly given. When we thus find, that in three instances the Legislature has, in this single act, explicitly provided for an
 
 *65
 
 appeal, and in a fourth case, of which the circumstances are peculiar, has made no such provision, the inference forces itself on us, that it was intended in this last case, that there should not be an appeal.
 

 Thus the question stands on the “act concerning roads.” We think the “ act concerning appeals,” 1 Rev. St. ch. 4, leaves it as it was. The first section, as in the act of 1777, refers to suits
 
 inter partes;
 
 and the enumeration in the second section includes only the proceeding by petition for a road or ferry, as under the act of 1813.
 

 We think, therefore, that the motion in the Superior Court to dismiss the appeal, should have been allowed, and a
 
 procedendo
 
 issued to the County Court confirming their order and directing its execution. Accordingly the judgment of the Superior Court must be reversed, and this opinion certified to that Court, that the proper proceedings may new be had there.
 

 Per Curiam. Judgment reversed.